UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**               ) | |
| )  | |
| **Plaintiff,**      )  | |
| v.                                           )  | Case No. 03-CR-20024 |
| )  | |
| **RICHARD DAVIES,**                          )  | |
| )  | |
| **Defendant.**      )  | |

**OPINION**

On March 17, 2008, Defendant, Richard Davies, filed a pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#45). That same day this court appointed the Federal Defenders Office to represent Defendant. Federal Defender Staff Attorney William C. Zukosky became Defendant's appointed counsel. On January 9, 2009, this court issued an Opinion (#48) granting defense counsel's Motion to Withdraw (#47) and allowing Defendant to proceed in the matter pro se. For the following reasons, Defendant's Pro Se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#45) is DENIED.

BACKGROUND

On July 21, 2003, Defendant pleaded guilty to one count of possession of 50 grams or more of cocaine base (crack) with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The count carried a statutory minimum sentence of life imprisonment. The Revised Pre-Sentence Report (PSR), which this court adopted at sentencing on March 8, 2005, reported that

Defendant was accountable for 94.5 grams of crack and 7.8 grams of cocaine, for a combined total of 1,891.56 kilograms of marijuana equivalent drugs resulting in a base level offense of 32. Applying a 3-level downward adjustment for acceptance of responsibility and timely guilty plea, the PSR concluded with a total offense level of 29. Defendant's criminal history category was VI, leading to an initial guideline imprisonment range of 151 to 188 months. Under United States Sentencing Guideline § 5G1.1(b), however, because the statutory mandatory minimum sentence was greater than the maximum of the initial guideline range, the guideline sentence became life in prison. Defendant was ultimately sentenced to a total term of 216 months in the Bureau of Prisons. Defendant's sentence departed from the guidelines range upon the motion of the government as a result of Defendant's substantial assistance.

On March 17, 2008, Defendant filed his pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#45). Defense counsel Zukosky was subsequently appointed. Following the Seventh Circuit's decision in United States v. Poole, 550 F.3d 676 (7th Cir. 2008) defense counsel filed his Motion to Withdraw as Counsel (#47). In the Motion, defense counsel asserted that the reductions available under the amendments to the Sentencing Guidelines do not apply in Defendant's case because Defendant's sentence was based on a statutory mandatory minimum sentence, and not on the Sentencing Guidelines. Defense counsel noted that this view was supported by the Guidelines themselves and the Seventh Circuit in Poole. On January 9, 2009, this court entered an Opinion (#48) granting the Motion to Withdraw and allowing Defendant to proceed pro se. In the Opinion, the court found that because Defendant was sentenced based on a statutory mandatory minimum, the sentence was not based on the sentencing guidelines and thus Amendment 706 to the guidelines did not alter his

sentencing range. Therefore, under Poole, this court lacked jurisdiction to revisit Defendant's sentence and a reduction in sentence would be otherwise inconsistent with U.S.S.G. § 1B1.10 and therefore not authorized under 18 U.S.C. § 3582(c)(2). The court allowed defense counsel to withdraw and let Defendant proceed pro se. The court gave Defendant 30 days from the date of the Opinion to file a pleading that: (a) conceded that the Amendment did not apply because he was sentenced based on a statutory mandatory minimum, or (b) explained why the Amendment applied in spite of the sentence being based on the statutory mandatory minimum.

On February 9, 2009, Defendant filed a motion asking for more time to file a Response, which the court granted. On March 25, 2009, Defendant filed his Response (#50) entitled "Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c). In his Response, Defendant argues that he should have his sentenced reduced even though he was sentenced based on a statutory minimum because the policy reasons for a reduction are the same for statutes as they are for the sentencing guidelines. He seems to argue that the Sentencing Commission wanted Congress to reduce crack cocaine penalties along the same lines as the Sentencing Commission did with Amendment 706.

## ANALYSIS

This court has carefully reviewed the record in this case and Defendant's Response. Following this careful review, this court agrees with Defendant's counsel that the Seventh Circuit's decision in Poole clearly applies to this case. This court therefore concludes that, based on Poole, because Defendant was sentenced based on the applicable statutory mandatory minimum sentence, he cannot receive a reduction in his sentence based upon the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing.

IT IS THEREFORE ORDERED THAT:

(1)   Defendant's Pro Se Motion to Reduce Sentence (#45) is DENIED.

(2)   Defendant has 10 days from the date of this order to file a Notice of Appeal with the clerk of this court.

ENTERED this 26th day of March, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE